CASE 23—ACTION BY CENTRAL KENTUCKY ASYLUM AGAINST ANNA M. KNIGHTON TO RECOVER FOR BOARD AND MAINTENANCE OF HER DAUGHTER—MARCH 21.

# Central Kentucky Asylum v. Knighton

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

INSANE PERSONS—LIABILITY OF PARENT FOR BOARD OF CHILD IN ASYLUM.

Held: Under Kentucky Statutes, section 257, making the parent liable for the board of a child in a State insane asylum, where the parent has sufficient estate for the support of such patient, the parent is not liable for the board of an adult child.

HOLT & ALEXANDER, FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. The common law and all general statutes or laws of a general nature in force in England prior to March 24, 1607, unless modified or repealed by the Virginia Legislature prior to the first day of June, 1792, became the unwritten or common law of this State.

2. The statute, 43 Elizabeth, chapter 2, enacted in 1601, being of a general nature and never having been repealed, became a part of the law of this State.

3. A statute relating to persons or things as a class is a general law, one relating to particular persons or things of a class, is special. In the common law classification of statutes the term general applies to and includes all public acts—that is, all acts of which courts take judicial knowledge.

4. The common law is, not that the parent is bound for the sup-

port of a minor child, but that he is bound for the support of his child, if the child is incapable of self-support. This liability at common law continues even after majority, if from accident or disease the child is incapable of self-support.

5. Section 256 of the Kentucky Statutes does not preclude a recovery from the parent because the patient is not a minor. This section was enacted merely for the purpose of indicating to the jury holding the inquest who was to be designated in the verdict as a pauper lunatic, and who was to be received by the superintendent as a pauper patient after the inquest, the statute providing that "the verdict shall be binding on the superintendent," leaving him no discretionary power as to who should be received as a pauper patient.

6. This action is prosecuted under section 257 of the Kentucky Statutes, which "provides the remedy "where the patient has or shall acquire property subject to debt" . . . (or) . . . "when the husband, wife or parent of any such patient who has been or may be supported in either asylum shall have estate sufficient for the support of such patient" . . . "in like manner to sue and recover . . . from such parent the amount of his or her child's board at the rate aforesaid." The mother, having sufficient estate to support the daughter. is liable for her support, although the daughter is not now nor was at the time of her commitment, a minor.

## AUTHORITIES CITED.

Secs. 256 and 257 of the Kentucky Statutes; 2 Kent's Com., 190; 1 Blackstone's Com., 449; 1 Minor's Inst., 377; 128 Mass., 137; Templeton v. Stratton; 14 Bush, 708; Englin's Com. v. Bank; 16 Viner's Abr., 150; Code Nap. secs. 205-7; 43 Eliz., Chapt. 2, sec. 7; 5 Geo. 1, Chap. 8; 14 Bush, 1 Ray. v. Sweeney; Suth. Stat. Const., secs. 120-121; 2 Burr, 799.

F. HAGAN, ATTORNEY FOR APPELLEE.

The evidence in this case shows:

1. That Blanche Knighton was duly convicted of lunacy by the Jefferson circuit court.

2. That at the time she was found to be a lunatic, she was over twenty-one years of age and the jury found her to be a pauper.

3. Her father was then dead and her mother was then and is now a widow.

4. Her mother was then worth nothing. Her father left no property, and all the mother now owns she has made since

her daughter was put in the asylum and since her husband's death.

Section 256, Kentucky Statutes, defines a minor shall be a pauper "if the parent be unable to pay his board." This section clearly shows that the parent must pay only in case the lunatic is a minor. There is no intimation anywhere in the statute that adult pauper lunatics' board shall be paid by the parent.

We insist that the definition given in section 256 is also the one to be applied to the following section 257 under which this suit is brought.

In Com. v. Willis, 7 R., 677 this court decided: "The parent is under no *legal obligation* to support the child after it arrives at age and no such obligation can be created by statute unless by consent of the parent."

OPINION OF THE COURT BY JUDGE BURNAM.

In August, 1880, Blanche Knighton, an unmarried woman, was adjudged to be a person of unsound mind by the Jefferson circuit court, and committed to the plaintiff asylum, where she has ever since remained at the expense of the State. This action was instituted on the 13th of November, 1900, by the appellant against the appellee, Anna M. Knighton, mother of Blanche Knighton, for $4,400—21 years' board and maintenance of her insane daughter, Blanche —under section 257 of the Kentucky Statutes, which reads as follows: "Where patients who have been or may be supported in either of said asylums, have or shall acquire estate which can be subjected to debt, the board of commissioners of such asylum, when reliably informed of the fact, is authorized and directed, in every such case, to sue for, in the name of the asylum, and recover the amount of said patient's board, at the rate of two hundred dollars per year, or so much thereof as such estate will suffice to pay for the time they shall have been respectively kept and maintained therein, and not otherwise paid for, and by proper proceedings to subject their es-

tates, respectively, to the payment thereof; and when the husband, wife or parent of any such patient, who has been or may be supported in either asylum, shall have estate sufficient for the support of such patient, in addition to the support of any others who may be dependent on such husband or parent, in like manner to sue and recover from such husband the amount of his wife's board, and from such parent the amount of his or her child's board, at the rate aforesaid, for the time they shall have been respectively supported by such asylum. The net sum realized in such suits shall be paid over to the State auditor, who shall cover into the public treasury." The appellee interposed a general demurrer to the petition, which was sustained. It appears from the pleadings and agreed statement of facts filed in the record that Blanche Knighton was 38 years of age at the date of the inquest and commitment; that she had no estate of any kind, either then or now; that her mother, the appellee, is a widow, with no other person dependent on her for support, and owns real estate worth at least $15,000, which she acquired subsequent to the death of her husband; that the lunatic had been maintained at the expense of the State since her commitment, more than 21 years, except that she had been clothed by her mother. It is contended for appellant that at common law the parent is bound not only for the support of a minor child, but that this liability continues after majority, if from accident or disease the child is incapable of self-support, and that this liability is not in any way curtailed or abridged by the statute; and this contention is supported by a formidable argument, and a long array of common-law authorities. But the question can not be regarded as an open one in this State. In the case of Com. v. Willis' Ex'r (decided in March, 1886), the syllabus of which is reported in 7 Ky. Law. Rep., the pre-

cise question involved upon this appeal was considered, and the court said: The statute authorizing the board of commissioners to sue the husband whose wife may be the patient, or the parent whose child is the patient, evidently means where the child is under age, or the parent under a legal obligation to support him.   Being entitled to the services of the child until of age, there is some reason for holding the parent to a legal liability when the necessities of the child require that he should be supplied with food and clothing; but when of full age, the parent being entitled to no control over the child, and having no right to his custody or services, no such legal obligation exists, and none can be created by statute unless by consent of the parent.   He may contract to support the child, and it would be binding, but not otherwise." The statute under which that case was decided was substantially the same as section 257 of the Kentucky Statutes, under which this action is brought; and, after a full and careful consideration of the very able and learned brief of counsel, the court has decided to adhere to the law as announced in the Willis case.

Judgment affirmed.