Matter of the Estate of SUSAN CROSS, Deceased.

(Surrogate's Court, Madison County, February, 1917.)

Lunatics — commitment of lunatic to state hospital as poor person — when claim against estate of decedent rejected — waiver — Insanity Law, § 85.

Where at the time of the commitment of decedent's husband to a state hospital, as a poor person, neither he nor she had any means except her ability to work, and during her lifetime no proceedings were taken to charge her for his care as an insane patient, a claim therefor against her estate, which had accumulated from her earnings as a domestic, after his commitment, will be rejected on the ground that even if it could have been enforced it had been waived by the state commission in lunacy in the exercise of the discretion conferred by section 85 of the Insanity Law and such waiver could not be recalled after the death of the wife.

Surrogate's Court, Madison County, February, 1917. [Vol. 99.

CLAIM against an estate for care of decedent's husband as an insane patient in a state hospital.

Egburt E. Woodbury, Attorney-General, by Alex. T. Selkirk, Deputy Attorney-General, for claimant.

Joseph Beal, for executor.

SENN, S.   The Binghamton State Hospital has presented a claim of $1,358.71 against the above named estate for the care of Edwin Cross, husband of testatrix, or an insane patient.

Susan Cross, testatrix, died February 10, 1915, leaving an estate of about $514.21, being a deposit in the Oneida Savings Bank.   This has increased by interest accumulated and probably amounts to about $550 at this time.   The funeral expenses and expenses of administration amount to $269; admitted claims $119.50.   The only disputed claim is that of Binghamton State Hospital.   The attorney-general offers to concede priorty to any bill for physician's or nurse's services rendered during testatrix's last illness, in addition to the $269 which would at any rate be preferred; but otherwise claims for the state the preference conferred by section 86 of the Insanity Law.

It is conceded that testator's husband was committed to Binghamton State Hospital as a poor person. It was probably certified by the judge who granted this commitment under section 82 of the Insanity Law that said Edwin Cross and those liable for his maintenance had no property or means to pay for the same.   At any rate it is conceded that at the time of commitment neither said Edwin Cross nor his wife had any property or means except the wife's ability to work and that during the lifetime of testatrix no proceedings were taken to charge her with any part of claimant's

bill; also that the sum of $514.20 left by her was the accumulation from her earnings as a domestic earned by her after her husband's commitment to the state hospital.   If, after her husband was committed and during her lifetime, the state had sought to compel contribution on the part of the wife from her earnings, I do not think it will be seriously contended that any court would have held that she must contribute.   Had any such action or proceeding been taken at any reasonable time after her husband was received at the state hospital she would probably not have felt it her duty to qualify herself as a person of " sufficient ability " to pay for his care and maintenance by hiring out as a domestic.   I think she had a right to believe that there was no intention to look to her for contribution and that she worked to save money as she did in the belief that her earnings would be hers to enjoy or use in sickness or old age.   It is true that this money is of no present benefit to her, but if the Binghamton State Hospital could not have been allowed to sit passive while she was saving this money and then when she had an accumulation, perhaps in her old age or illness, suddenly confront her with a large bill for services, care and maintenance, neither can they do so after her decease.   I think the failure to make any claim upon her or to give her any notice of a possible intention to make such claim, precludes the claimant from enforcing its claim at this time.

I think the claim for support, care and maintenance of Edwin Cross was waived, if indeed it could ever have been enforced.   I think that it can be waived by the commission.   Section 85 of the Insanity Law is pretty broad in its terms.   Among other things, it provides that: " The commission may, in its discretion, waive the whole or a portion of the claim of the state

for the cost of the support of a patient against the estate of such patient, whenever the court by which a committee was appointed shall have directed such committee to apply any part of the patient's estate for the maintenance of his family." That does not in terms cover the present case but I think the omission to do so is supplied by the following language appearing toward the end of the same section, viz.:

" The commission may appoint agents    *    *    *    to secure from relatives and friends who are liable therefor    *    *    *    reimbursement, in whole or in part, *    *    *    The commission may fix the rate to be paid for the support of an inmate of a state hospital *    *    *    by relatives liable for such support * * *."

I believe that the intent of the section, taken as a whole, was to give the commission a discretion to waive in whole or in part the claim for support as against relatives who could possibly contribute but to whom such enforced contribution would be a great hardship and injustice.

No decision of any appellate court of this state covering the precise question raised by the facts of this case, under the present provisions of the Insanity Law, or under any precisely similar provisions of previous statutes, has been brought to my attention.

*Matter of Wesley,* 156 App. Div. 403, was a claim against the estate of an incompetent who had no means when committed but afterwards some funds were realized from the sale of some household effects. The case at bar would be somewhat similar if after Edwin Cross was committed as a poor person property had come to him, or if his wife by some means other than by manual labor had come into possession of property. In that case she would at least have been liable for her husband's care rendered after she became

possessed of the property, if not for that rendered before.

I base my decision on the ground that the commission could and did waive its claim, if any it had, against testatrix, for the maintenance of her husband at the hospital, and that encouraged by such waiver the testatrix, deprived of her husband's support, worked out as a domestic and saved the money now constituting her estate. In my opinion this waiver could not be recalled after her decease.

The claim in dispute is, therefore, rejected.

Claim rejected.