Duhrkopf v. Bennett.

HENRY DUHRKOPF, APPELLANT, V. GEORGE BENNETT ET AL.,
                        APPELLEES.

                    FILED MARCH 28, 1922.   No. 22340.

1. **Master and Servant:** ACTION FOR COMPENSATION: BAR. Evidence
   examined, and .held that plaintiff is barred from maintaining his
   suit under the provisions of the workmen's compensation act,
   where such suit is commenced more than one year after the in-
   juries have been sustained.

2. **Statutes:** STATUTORY RIGHTS: COMPLIANCE WITH STATUTE. Where
   a right has been created by statute which did not exist at the
   common law, the legislature may impose restrictions thereon, and
   the conditions so imposed qualify and are an integral part of the
   act and must be fully complied with in the manner therein pre-
   scribed.

3. **Master and Servant:** COMPENSATION: SETTLEMENT AS BAR. Where
   an employee has sustained personal injuries and has entered into
   a settlement agreement with his employer on account thereof and
   has accepted the agreed amount in full settlement, such employee
   cannot, in the absence of mistake, deceit or fraud, thereafter main-
   tain an action under the workmen's compensation act.

APPEAL from the district court for Lancaster county:
WILLARD E. STEWART, JUDGE. *Affirmed.*

*R. J. Greene,* for appellant.

*Frampton & Polk* and *Peterson & Devoe,* contra.

Heard before LETTON, DEAN and DAY, JJ., BLACKLEDGE
and TEWELL, District Judges.

DEAN, J.

Plaintiff applied to the compensation commissioner to
recover compensation for personal injuries resulting from
an accident alleged to have arisen out of and in the course
of his employment while he was in the employ of George
Bennett and Charles Warner, defendants. Upon a final
hearing the commissioner dismissed the case. His appeal
to the district court was likewise dismissed, and he has
brought the case here for review.

The chronology respecting the material facts leading up to the commencement of this suit, and the facts involved herein, so far as material here, follow:  January 3, 1918, the accident happened.  December 18, 1918, defendant Bennett settled with plaintiff for $2,000, the settlement agreement providing generally that the sum named therein "is in full and complete satisfaction of all claims of every description and kind on account of injuries sustained as above stated."  February 21, 1921, plaintiff began his suit before the compensation commissioner.  July 9, 1921, the suit was dismissed by that official, on the ground that it was barred by the provisions of the workmen's compensation act, namely, section 3679, Rev. St. 1913, as amended by section 14, ch. 85, Laws 1917.  Within the statutory time plaintiff appealed to the district court, and his appeal, all as hereinbefore noted, was there dismissed.

So far as applicable here the section of the act in question provides:  "In case of personal injury, all claim for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in section 3680 hereof."

Defendant Bennett contends that plaintiff, by accepting the $2,000, "elected to make a common-law settlement and elected not to avail himself of the provisions of part II of the compensation act."  He contends that, in view of the settlement, plaintiff is  estopped from maintaining this suit.  Counsel further pleaded that, because Bennett did not have his liability insured under the "provisions of section 3687, Rev. St. 1913," he is therefore deemed to have elected not to come under part II of the act.  Section 3687 was amended in 1917 (Laws 1917, ch. 85, sec. 21) and, in addition to the provision for the insurance of liability, the act as amended provides that an employer has the option to insure or to "furnish to the compensation commissioner satisfactory proof of his financial ability to pay direct the

compensation in the amount and manner and when due as provided for in this act." In view of the facts before us and of our conclusion herein, the amendment of section 3687 has no bearing upon the controversy between the parties.

It appears that under the express provisions of the workmen's compensation act, hereinbefore cited, plaintiff's suit is barred. It follows that neither the compensation commissioner nor the district court erred in dismissing the suit. The argument in the reported cases which supports our conclusion is based on the theory that, the remedy provided by the act being complete in itself and being a departure from the common-law remedy, the period of limitation for beginning suit which is named in the act controls, to the exclusion of the general act of limitations with respect to the time within which actions generally may be commenced. In *Swaney v. County of Gage,* 64 Neb. 627, it was held that an action to recover, under a special statute which was held to be complete in itself, for damages occasioned by a defective bridge could not be maintained unless it was commenced within 30 days after the injuries complained of, that being the limitation provided by the act.

Massachusetts has a provision in its employers' liability act which is similar to ours. It was there held that an action thereunder must be brought within a year after the accident, and that the act is not a mere statute of limitation but states a condition precedent to a right of action. *McRae v. New York, N. H. & H. R. Co.,* 199 Mass. 418. To substantially the same effect are the following cases: *Morrison v. Baltimore & O. R. Co.,* 40 App. D. C. 391; *Partee v. St. Louis & S. F. R. Co.,* 204 Fed. 970. In *Bement v. Grand R. & I. R. Co.,* 194 Mich. 64, it was held that to maintain a suit under the federal employers' liability act it must be commenced within the time therein limited.

From the decisions and law writers we gather that where a right has been created by statute which did not

Duhrkopf v. Bennett.

exist at the common law the legislature may impose restrictions thereon, and the conditions so imposed qualify and are an integral part of the act and, must be fully complied with in the manner therein prescribed. In 25 Cyc. 1021, on this subject, it is said generally that the time fixed in the act for beginning suit becomes a limitation or condition on the right created by the legislature and is controlling.

Plaintiff argues that the "lump sum" settlement between plaintiff and Bennett is of no effect because it was not approved by the compensation commissioner nor by the district court. The argument on this point is not tenable because plaintiff did not begin his suit before the compensation commissioner for more than three years after he sustained the personal injuries of which he complains, and which was more than two years after the settlement. Plaintiff also introduced in evidence a waiver of the statute of limitations by defendant Bennett dated June 18, 1918, upon which he relies. The instrument in question does not name any consideration. However, it provides generally by its terms that Bennett should waive the operation of the statute "for a period of at least four years from the date of the injury." In any event the settlement by plaintiff under date of December 18, 1918, which is also in evidence, effectually disposes of the waiver.

In passing it may be noted that plaintiff began an action against defendant Warner on account of the personal injuries sustained by him, but he was not successful in his suit. It is not disclosed that an appeal was prosecuted from the adverse judgment which was rendered against him.

Other questions have been raised in the respective briefs which we do not find it necessary to discuss. The judgment of the district court is right, and it is

AFFIRMED.