280 P.2d 1064

STATE of Idaho on relation of J. O. Cromwell, Superintendent of the State Hospital South of the State of Idaho; Alvin H. Reading, Business Manager of the State Hospitals Board of the State of Idaho; and N. P. Nielson, Auditor of the State of Idaho, Plaintiff and Respondent,

v.

William PANZERI, Executor of the Will of Mary Panzeri, Deceased, Defendant and Appellant.

No. 8169.

Supreme Court of Idaho.

Feb. 28, 1955.

Rehearing Denied March 23, 1955.

212

Milo Axelsen, Nampa, for appellant.

Robert E. Smylie, Atty. Gen., Edward J. Aschenbrener, J. Clinton Peterson, Leonard H. Bielenberg, Asst. Attys. Gen., for respondent.

KEETON, Justice.

The legal issue presented here is whether, under the provisions of Section 66–354, I.C., Pocket Supplement, and predecessor statute, Section 66–315, I.C., repealed 1951 S.L., Ch. 290, Sec. 40, the estate of a deceased mother of a patient committed to and confined in State Hospital South, is liable for the care and treatment of an adult child, while so confined. The facts admitted by the pleadings necessary for a decision are: Peter C. Panzeri, born May 21, 1906, was on the 26th of September, 1936, at the age of thirty years, while married, the father of three children, adjudged to be an insane person. From the time of his commitment, except for some limited parole periods, he has been and now is confined as a patient in State Hospital South. He has no estate sufficient to pay for his care and treatment, and nothing has been paid by anyone to the State on his behalf.

The State, on relation of the superintendent of the hospital, its business manager, and the State Auditor, presented a claim against the estate of the patient's mother for the charges for the care and treatment of said adult patient covering the period from September 26, 1936 to June 1, 1952 in the total sum of $5,856, which is admitted to be a reasonable charge. No claim was presented to the mother, nor was any attempt made to make the mother liable for such care and treatment during her lifetime. Her executor rejected the claim. The State brought this action to recover judgment for the cost of such care and treatment. The trial judge entered judgment against the estate of the deceased in the amount of the claim. From the judgment this appeal is prosecuted.

The State contends that the liability sought to be imposed is created by Section 66–354, I.C., Pocket Supplement and predecessor statute Section 66–315, I.C.

Section 66–354, I.C. provides:

"(a) When a mentally ill person has been admitted to a state hospital voluntarily or involuntarily, the head

of the hospital may cause an inquiry to be made as to the financial circumstances of such mentally ill person and of the relatives of such person legally liable for his or her support, and if it is found that such person or said relatives, legally liable for the support of the patient, are able to pay the expenses for hospitalization proceedings and the charges for the care and treatment of the patient in the hospital, in whole or in part, it shall be the duty of the head of the hospital to collect such expenses and such charges, and if necessary to institute in the name of the state, a civil suit against the person or persons liable therefor.

"(b) The following relatives shall be bound by law to provide for the expenses and charges for the hospitalization of such mentally ill person referred to in this act: the husband for the wife, and the wife for the husband; the parent for his or her child or children, and the children for their parents."

It is the contention of appellant that the allegations of the amended complaint are insufficient to create a liability against the estate; that the statute under which the liability is claimed, insofar as it applies to the present situation, is unconstitutional and in violation of Sec. 1, Art. 10, and Sec. 13, Art. 1, of the Idaho Constitution, and the 14th amendment to the Constitution of the United States; that the statute does not have the meaning claimed by the State; that the estate of a deceased person is not made liable by statute; and that if there ever was any liability it is barred by the statute of limitations, Sections 5-218, 5-219 and 5-225, I.C.; and that in any event, the maximum amount for which recovery could be had, if at all, would not exceed the cost for such care and treatment for a period of three years preceding the death of the mother.

■ At common law, a parent ordinarily is under no legal obligation to support his or her adult child. Such parent's legal liability for the support of a competent child ceases when the child, not then in a feeble or dependent condition, mentally or physically, as to be unable to support itself, reaches the age of majority. 67 C.J. S., Parent and Child, § 17, p. 704; 70 C.J. S., Paupers, § 60, p. 101; 39 Am.Jur. 710, Sec. 69. For collection of cases see 1 A.L.R.2d 914.

Hence the right to maintain this action against the parent or the estate of a deceased parent for the support of an adult child who was competent when he attained majority, if any such right exists, is purely a creation of the statute. No such right existed at common law.

■ The primary liability imposed by the statute above quoted is on the incompetent person. The duty sought to be imposed on certain relatives of such incompetent, where no such duty was recognized

at common law, is a secondary liability. If the incompetent person has an estate sufficient to pay such charges, no duty is imposed on the relatives. 44 C.J.S., Insane Persons, § 75(c), p. 182; In re Boles' Estate, 316 Pa. 179, 173 A. 664.

■ The statute, Section 66–354, I.C., by its terms prescribes a procedure to be followed to determine the liability, if any, upon those sought to be made liable and included therein, and specifically provides that the head of the hospital may cause an inquiry to be made as to the financial circumstances of such mentally ill person and of the relatives of such person, legally liable for his or her support, and if it is found that such person or such relatives legally liable for the support of the patient are able to pay the expenses for hospitalization proceedings, and the charges for the care and treatment of the patient in the hospital, in whole or in part, it shall be the duty of the head of the hospital to collect such expenses and charges and if necessary to institute in the name of the State a civil action against the person or persons liable therefor. Nowhere in the statute is the right given the State to sue the estate of a deceased relative and impose a liability thereon not imposed during the lifetime of the relative.

■■ The statute by its terms does not impose a fixed or absolute liability against a relative, in this case the mother, that would attach to the relative's estate. The investigation contemplated by the statute and the determination of the liability, if any, should be made during the lifetime of the relative. As this was not done, the State has no claim against the estate of the deceased mother. On the claimed liability the mother was never given an opportunity to be heard.

In re Cross' Estate, 99 Misc. 199, 165 N.Y.S. 710, the Court held:

"Where a husband was committed to a state hospital as a poor person, when the wife had no means except her ability to work, from which she accumulated certain earnings, constituting a part of her estate, and nothing was done in her lifetime to charge her for his care, any claim therefor against her estate was waived by the state commission in lunacy, in the exercise of the discretion conferred upon it by Insanity Law."

■ The procedure outlined in the statute to determine the liability, if any, of such relative is a condition precedent to the bringing of the action, and recovery if any. Nowhere in the statute is the estate of a deceased person made liable for some undetermined amount, neither fixed nor determined during the lifetime of the relative. Nor is the estate of a deceased person made liable for such patient's care and treatment after the death of the relative.

Statutes of this character, being harsh in nature and derogatory to the common law,

should not be extended by construction to include situations not within the wording of the statute.

In Halito v. State Department of Mental Hygiene, 236 Wis. 65, 294 N.W. 500, 502, the Supreme Court of Wisconsin had for consideration a similar situation as is here presented, and held that it was necessary to determine in the lifetime of the relative the "'ability of * * * any such relative to make payment in whole or in part for the maintenance'". This decision was followed and the rule approved in In re Cameron's Estate, 249 Wis. 531, 25 N.W.2d 504, and in In re Laus' Estate, 237 Wis. 12, 296 N.W. 84. Other authorities supporting this construction are: Wright County v. Hagan, 210 Iowa 795, 231 N.W. 298; In re Willis' Estate, 94 Misc. 29, 158 N.Y.S. 985. This decision was affirmed by the Supreme Court, Appellate Division, 175 App.Div. 933, 161 N.Y.S. 1150.

Because of the conclusion reached we shall not discuss or decide the defense of the statute of limitations, nor the constitutionality of the act, nor whether "child" as used in the statute means one who, under the common law, was dependent on and entitled to support from such relative.

While we do not decide the question of the meaning of the word "child" as used in the statute, we direct attention to Central Kentucky Asylum for Insane v. Knighton, 113 Ky. 156, 67 S.W. 366, wherein it was held under a similar worded statute that the word "child" means a minor dependent on the parents for support.

The judgment is reversed with instructions to the trial court to dismiss the action. Costs to appellant.

TAYLOR, C. J., and PORTER and ANDERSON, JJ., and NORRIS, D. J., concur.