IN RE ESTATE OF OLIVER C. MCVEY, DECEASED.
COUNTY OF KEITH, APPELLEE, v. JOHN M. CREAMER,
EXECUTOR OF THE ESTATE OF OLIVER C. MCVEY,
DECEASED, APPELLANT.
102 N. W. 2d 632

Filed April 29, 1960.    No. 34766.

*George B. Hastings* and *Fred E. Wanek,* for appellant.

*Firmin Q. Feltz,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from the allowance of a claim by the county of Keith against the estate of Oliver C. Mc-Vey, deceased, in the amount of $6,067.66 and interest, for the maintenance of Edward Hamilton McVey, a son of Oliver C. McVey, who was committed to the Hastings State Hospital as an insane person.

The case is presented on stipulations of fact. The essential facts are: Edward Hamilton McVey, whom we shall hereafter refer to as Edward, was an adult son of Oliver C. McVey when he was adjudicated insane and committed to the Hastings State Hospital on June 10, 1939. Edward had no estate or income with which to pay the cost of his care and maintenance. Edward remained continuously in the hospital to and after the death of Oliver C. McVey on October 20, 1958. During the times herein mentioned Oliver C. McVey was possessed of an estate and income sufficient to pay the cost of Edward's care and maintenance in the hospital without depriving those dependent upon him of their necessary support. The county of Keith paid the cost of the care and maintenance of Edward in the hospital. There is no dispute as to the correctness of the amount. No attempt was made by the county to collect from Oliver C. McVey during his lifetime. After the latter's death and on November 18, 1958, the county of Keith filed its claim in the estate of Oliver C. McVey, deceased, for the care and maintenance of Edward for the 4 years immediately preceding the death of Oliver C. McVey. The claim was

allowed by the county court. On appeal to the district court the claim was also allowed. The present appeal to this court resulted.

It is the contention of the executor of the estate of Oliver C. McVey, deceased, that the estate of a deceased parent is not liable for the care and maintenance of an insane son in a state hospital where the amount is neither fixed nor determined during the lifetime of the parent. This appears to be the only issue before the court on this appeal.

There was no right at common law to recover the cost of care and maintenance of insane persons from the insane person or his estate, or from the relatives of such person. The claim here arises by statute, section 83-352, R. R. S. 1943, and, it being in derogation of the common law, it must be strictly construed against the county. Where a right has been created by statute which did not exist at the common law, the Legislature may impose restrictions upon the right, and the restrictions imposed are a limitation upon such right. Unless such restrictions are fully complied with in manner prescribed, the right does not exist. Clay County v. Bottorf, 166 Neb. 262, 88 N. W. 2d 898.

Plaintiff relies upon section 83-352, R. R. S. 1943, as authority for sustaining this proceeding. It contains these relevant provisions: "If any patient in a state hospital for the mentally ill, or the * * * parent of such patient, is possessed of an estate and income sufficient to meet the expense of the patient's care and maintenance in the hospital without depriving those dependent upon such patient or relative of their necessary support, the guardian, * * * or parent of such patient shall pay to the superintendent of the hospital * * * a sum to be fixed by the Board of Control * * *. If any patient is being maintained * * * and the patient * * * or parent of such patient, is possessed of an estate or income sufficient to meet the expense of the patient's care and maintenance without depriving those dependent upon such patient

·or relative of their necessary support, the guardian * * * or parent of such patient shall pay to the county a sum equal to the cost of maintaining the patient * * *. The amounts to be paid under this section shall constitute a claim .against the estate of the patient and be collectible therefrom. * * * It shall be the duty of the county board of each county to investigate all unpaid claims and cause action to be brought in the name of the county by the county attorney to recover thereon, where it is probable that some recovery can be made." It will be observed that this statute grants no cause of action in terms against the estate of a deceased parent, although such an action against the estate of the patient is authorized. We point out also that the liability of a parent is a conditional one. An investigation and determination by the county board that the parent is possessed of an estate or income sufficient to meet the expense of the patient's care and maintenance without depriving those dependent upon the parent of their necessary support, is a condition precedent to liability.

It is the contention of the county that a cause of action arose against Oliver C. McVey as each quarterly payment accrued and, such statutory cause of action being remedial, it survives the death of the parent. We do not concur in this view.

Section 83-352, R. R. S. 1943, has a long legislative history. There was a time when the cause of action against a spouse or designated relative did survive by virtue of the language of the then existing statute. Richardson County v. Frederick, 24 Neb. 596, 39 N. W. 621; Richardson County v. Smith, 25 Neb. 767, 41 N. W. 774. But the statute applicable during the period of the present claim contained no language to such effect. We recently construed this statute as follows: "The statute above quoted is indispensable to the cause of action asserted by appellee. It creates a right that did not exist at common law. It requires as a condition

precedent to the existence and enjoyment of the right that the incompetent be possessed of an estate and income sufficient to meet the expense of the incompetent's care and maintenance in the hospital without depriving those dependent upon him of their necessary support. This is not a matter of defense to be pleaded and established by the incompetent or his guardian. It is by the statute made a condition of the right and of the remedy." Clay County v. Bottorf, *supra*. Under such interpretation no obligation accrued against Oliver C. McVey until the conditions precedent had been met, to wit, an investigation by the county board and a determination that Oliver C. McVey was possessed of an estate and income sufficient to meet the expense of the care and maintenance of Edward in the hospital without depriving those dependent upon the parent of their necessary support. This not having been done, the statutory conditions precedent to liability were not complied with and no liability attached during the lifetime of Oliver C. McVey. The liability of Oliver C. McVey, not having been fixed and determined in his lifetime, there is no liability that can afford a basis of claim against his estate.

In the case of Estate of Hahto, 236 Wis. 65, 294 N. W. 500, the Supreme Court of Wisconsin had the same issue under a similar statute before it. The court said: "In support of the claim that the liability of the wife is a fixed liability and attached to her estate, appellant urges that (the statute) creates an obligation upon the wife to support her insane husband regardless of an intermediate determination of the appellant to pay made by the collection and deportation counsel. This contention overlooks the requirements that the determination is to follow giving due consideration to those who may be lawfully dependent for their support upon the property discovered by the counsel in his investigation. * * * In referring to the liability of an inmate for his own support, the words 'or his estate' are used, but these words are missing in the reference to liability of

relatives. It is considered that the legislature did not intend to rest the liability regardless of any and all considerations upon the relatives, but intended to make them liable only after consideration of the circumstances pointed out in the statute had been given which resulted in a determination of the collection counsel that the ability of the relative is such that the obligation or a portion of it ought to be visited upon that relative. An inmate himself during his life and his estate after his death are to account for his care at public expense, but no such absolute arrangement in connection with the relatives' obligation exists. * * * The trial court held that an investigation and a determination with reference to the making of a claim must occur during the lifetime of the relative sought to be charged, and with that we agree." We accept the reasoning in the foregoing case as a correct statement of the law.

Where a right has been created by statute which did not exist at the common law, the Legislature may impose restrictions thereon, and the conditions so imposed qualify and limit the right and must be fully complied with in the manner prescribed. Duhrkopf v. Bennett, 108 Neb. 142, 187 N. W. 813. The statute, section 83-352, R. R. S. 1943, makes the conditions thereof a prerequisite of the right and the remedy. Clay County v. Bottorf, *supra*. The investigation and determination by the county board of a parent's ability to pay without depriving his dependents of necessary support is a condition precedent to a recovery. Since this condition was not complied with during the lifetime of the parent sought to be charged, no absolute liability attached to the parent nor to his estate. State ex rel. Cromwell v. Panzeri, 76 Ida. 211, 280 P. 2d 1064.

The judgment of the district court is reversed and the cause remanded with directions to dismiss plaintiff's petition at plaintiff's costs.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.