IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41262

| | | |
|---|---|---|
| ANDREW BARRETT MEFFORD-STANGER, | ) ) ) | 2014 Unpublished Opinion No. 625 |
| | ) | Filed: July 17, 2014 |
| Plaintiff-Appellant, | ) ) | |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JOHN DARWIN STANGER, an | ) | OPINION AND SHALL NOT |
| incapacitated person, by and through his | ) | BE CITED AS AUTHORITY |
| Conservator Christy Walbuck and his | ) | |
| Guardian Julie Robinson, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment in action for continuing child support, past-due child support, and breach of contract, <u>affirmed</u> in <u>part</u>, <u>vacated</u> in <u>part</u>, <u>and</u> <u>remanded</u>.

Andrew Barrett Mefford-Stanger, Edwall, Washington, pro se appellant.

Jennifer Reid Mahoney of Ringert Law, Chtd., Boise, for respondent.

_____

MELANSON, Judge

Andrew Barrett Mefford-Stanger appeals from the district court's entry of a judgment in favor John Darwin Stanger. For the reasons set forth below, we affirm in part, vacate in part, and remand.

## I.

## FACTS AND PROCEDURE

Andrew Mefford-Stanger is the son of John Stanger and Vicki Woodley. Andrew was born prematurely and suffered from developmental disabilities. John has a history of mental health issues. In 2006, John and Woodley divorced and a divorce decree was entered in which they agreed that John would be responsible for child support in the amount of $365.65 per month

1

and that these payments would continue until Andrew, a minor, reached the age of eighteen or nineteen if Andrew were still pursuing a high school education.

Andrew filed the instant action in 2012. The complaint alleged three claims: John owed a duty of continuing child support past Andrew's age of majority; John owed past-due child support; and a claim for breach of contract in which Andrew alleged John orally promised to buy him a car upon Andrew earning his GED. John moved for summary judgment on all three claims raised by Andrew. Woodley moved to intervene, which was denied. The district court received oral argument from each of the parties and thereafter granted summary judgment on the three claims in favor of John. Andrew appeals.

## II.

## STANDARD OF REVIEW

Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to

offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick*, 126 Idaho at 312, 882 P.2d at 479.

## III.

## ANALYSIS

Andrew argues the district court erred in granting summary judgment to John because John did not meet his initial burden of demonstrating the absence of a genuine issue of material fact. John argues the district court correctly granted summary judgment because Idaho law does not support a cause of action for child support past the age of majority, the district court lacked jurisdiction to consider the claim for past-due child support, and the statute of limitation barred the claim for breach of contract. We address each issue in turn.

**A.     Continuing Child Support**

Andrew's complaint alleged he was entitled to continuing child support because of previously diagnosed disabilities. John responded that Idaho case law does not support a claim for child support past the age of eighteen, and also, that no evidence existed in the record demonstrating Andrew was disabled at the time he attained the age of majority. The district court found Andrew failed to provide any evidence that he was disabled at the time of majority and also held Idaho case law does not support a cause of action for child support past the age of majority (subject to I.C. § 32-706).

Andrew's complaint relied upon *State ex rel. Cromwell v. Panzeri*, 76 Idaho 211, 280 P.2d 1064, 1065-66 (1955) for the proposition that a parent may be ordered to pay continuing

support to a disabled child who reaches the age of majority. In *Cromwell*, the issue was whether the estate of a deceased mother of a child, confined to a state hospital due to disability, could be held liable for treatment of the child after the child reached the age of majority. *Cromwell*, 76 Idaho at 213, 280 P.2d at 1065. Specifically, the state sought to impose liability upon the estate under I.C. § 66-354, which provides:

> (a) When a mentally ill person has been admitted to a state facility voluntarily or involuntarily, the director of the facility may cause an inquiry to be made as to the financial circumstances of such person and of the relatives of such person legally liable for his or her support, and if it is found that such person or said relatives, legally liable for the support of the patient, are able to pay the expenses for commitment proceedings and the charges for the care and treatment of the patient in the facility, in whole or in part, it shall be the duty of the director of the facility to collect such expenses and such charges, and if necessary to institute in the name of the state, a civil suit against the person or persons liable therefor.
>
> (b) The following relatives shall be bound by law to provide for the expenses and charges for the commitment, care and treatment of such mentally ill person referred to in this act: husband for the wife, and the wife for the husband; the parent for his or her minor child or minor children, and the children for their parents.

Examining the common-law doctrine that preceded this statute, the Idaho Supreme Court explained as follows:

> At common law, a parent ordinarily is under no legal obligation to support his or her adult child. Such parent's legal liability for the support of a competent child ceases when the child, not then in a feeble or dependent condition, mentally or physically, as to be unable to support itself, reaches the age of majority.
>
> Hence the right to maintain this action against the parent or the estate of a deceased parent for the support of an adult child who was competent when he attained majority, if any such right exists, is purely a creation of the statute. No such right existed at common law.
>
> The primary liability imposed by the statute above quoted is on the incompetent person. The duty sought to be imposed on certain relatives of such incompetent, where no such duty was recognized at common law, is a secondary liability. If the incompetent person has an estate sufficient to pay such charges, no duty is imposed on the relatives.

*Cromwell*, 76 Idaho at 214-15, 280 P.2d at 1065-66 (citations omitted). This passage demonstrates that *Cromwell* addressed a very specific circumstance delineated by statute and is outside the scope of Andrew's circumstances. To the extent Andrew's argument can be interpreted as a request to extend the obligation imposed by I.C. § 66-354 to situations where a

4

disabled child who reaches the age of majority seeks ongoing child support, we decline to extend that obligation.

Idaho Code Section 32-706 provides the following limitations on a magistrate's ability to order child support:

> (1)     In a proceeding for divorce or child support, the court may order either or both parents owing a duty of support to a child to pay an amount reasonable or necessary for his or her support and education until the child is eighteen (18) years of age . . .
> . . . .
> (2)     If the child continues his high school education subsequent to reaching the age of eighteen (18) years, the court may, in its discretion, and after considering all relevant factors which include those set forth in subsection (1) of this section, order the continuation of support payments until the child discontinues his high school education or reaches the age of nineteen (19) years, whichever is sooner.

Further, the Idaho Supreme Court has stated that a court's authority to provide for maintenance of children ends once the children reach the age of majority. *Stanger v. Stanger*, 98 Idaho 725, 729, 571 P.2d 1126, 1130 (1977). Once children attain their majority at age eighteen, the court cannot compel support payments beyond this date.[1] *Id. See also Walborn v. Walborn*, 120 Idaho 494, 499-500, 817 P.2d 160, 165-66 (1991) (the "rule has always been, until the 1990 amendment to I.C. § 32-706, that a court cannot compel a spouse to support a child after the child has attained its majority"). Thus, the district court did not err in granting summary judgment in favor of John on this issue. Because we conclude Idaho case law does not support a cause of action for child support continuing past the age of majority (subject to I.C. § 32-706), we need not address the adequacy of the evidence proferred by Andrew demonstrating his disability.

**B.     Past-Due Child Support**

Andrew also asserted that John owed past-due child support from the period before Andrew reached the age of majority. The district court dismissed this claim for a lack of jurisdiction. This claim arises from the divorce decree between John and Woodley that was entered in the magistrate division. Specifically, in 2006, a magistrate entered a decree of divorce in which John and Woodley agreed that John would be responsible for child support in the

---

[1]     This is now subject to I.C. § 32-706.

amount of $365.65 per month. The decree also stated payments would continue until Andrew reached the age of eighteen or nineteen if still pursuing a high school education. Andrew's claim for past-due child support seeks enforcement of this provision. However, I.C. § 7-1009 provides continuing, exclusive jurisdiction over child support matters to the magistrate division.[2] *See also State, Child Support Servs. v. Smith*, 136 Idaho 775, 778, 40 P.3d 133, 136 (Ct. App. 2001) (the magistrate division of the district court has continuing and exclusive jurisdiction over the child support orders it issues). Thus, the district court correctly determined it lacked jurisdiction to entertain this claim.

## C.    Oral Contract for Vehicle

Andrew's complaint alleged that John had agreed to give Andrew a vehicle if he completed his GED. In his motion for summary judgment, John argued that Andrew's claim for breach of contract was barred by the statute of limitation. John contended that the cause of action accrued on April 11, 2008, when Andrew completed performance (earning his GED) and that, because the complaint was filed more than four years after that date (August 14, 2012), I.C. § 5-217 barred the cause of action.[3] Andrew responded to the motion by arguing John did not learn that Andrew completed performance until 2010, and thus, the claim for breach of contract was timely from that date. In its order granting summary judgment, the district court determined that Andrew failed to allege facts sufficient to create a genuine issue of material fact that an oral contract existed between John and Andrew. Alternatively, the district court ruled that, because Andrew failed to present any affidavits indicating his father was not aware of the completed performance until 2010, the cause of action accrued at the time Andrew earned his GED on April 11, 2008.

If the moving party for summary judgment does not challenge an aspect of the nonmoving party's case in its motion, the nonmoving party is not required to address it at the summary judgment stage of the proceedings. *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 531, 887 P.2d 1034, 1038 (1994). John moved for summary judgment solely on the issue of whether the statute of limitation had run. The district court granted summary judgment on the

---

[2]    While this provision is subject to an exception for consent, this exception does not apply in this case.

[3]    Idaho Code Section 5-217 provides that a cause of action for breach of an oral contract must be brought within four years.

basis that Andrew failed to present a genuine issue of material fact that a contract ever existed. On this basis, the district court erroneously granted summary judgment since the ground was not raised by the parties and the district court may not grant summary judgment on a ground sua sponte raised. *See id.*

As noted, the district court alternatively granted summary judgment on the ground that the applicable statute of limitation had run on the oral contract claim. It was established below that Andrew obtained his GED on April 11, 2008. The complaint was filed more than four years later on August 14, 2012. Idaho Code Section 5-217 provides for a four-year statute of limitation applicable to oral contracts. The parties below disputed the time of accrual for the running of the statute of limitation. John contended that the statute accrued on the date Andrew received his GED and, therefore, the complaint was untimely. Andrew contended that the statute was either tolled until or accrued after John first learned that Andrew obtained his GED in "early 2011" and, therefore, the complaint was timely from that date. Andrew contended that a breach by John did not occur until well after the date he earned his GED.

Generally, a cause of action accrues when a party may maintain a lawsuit against another. *Western Corp. v. Vanek*, 144 Idaho 150, 151, 158 P.3d 313, 314 (Ct. App. 2006). A cause of action for breach of contract accrues upon breach for limitation purposes. *Cuevas v. Barraza*, 146 Idaho 511, 517, 198 P.3d 740, 746 (Ct. App. 2008). On one hand, John provided no argument or evidence as to when breach occurred, unless implying that breach occurred upon Andrew obtaining his GED. On the other hand, Andrew asserted that breach did not occur until after John learned he had obtained his GED, sometime in 2011; however, as noted by the district court, that assertion of knowledge was simply argument and not before the court in any evidence (or even alleged in the complaint). The district court did not make findings as to when breach occurred, instead, assuming that John's obligations arose on the date Andrew obtained his GED[4] and that the statute of limitation accrued on that date.

We believe the evidence and legal analysis before the district court was insufficient to grant summary judgment. The issue of breach and any factual matters bearing thereon were not

---

[4]    John's time for performance was not in evidence. To the extent the alleged contract did not expressly state a time for performance, in some situations a reasonable time for performance may be implied. *See Curzon v. Wells Cargo, Inc.*, 86 Idaho 38, 43, 382 P.2d 906, 908 (1963). Whether a reasonable time implication has any bearing on this case cannot be determined from the evidence presented to the district court.

addressed by the district court or in evidence by the parties. Therefore, we make no comment on the relevant facts or legal analysis which may bear thereon in regard to the application of the statute of limitation under the circumstances.

## D. Bias and Discrimination

Andrew also claims the district court exhibited bias and discrimination toward him based upon his disability. This claim is without merit. The district court inquired as to Andrew's mental status in an attempt to determine if there was any evidence Andrew was not competent to proceed and to determine if a guardian or conservator needed to be appointed on Andrew's behalf. For these purposes, the district court determined that Andrew was not disabled and could proceed pro se. Having reviewed the record, we conclude the district court did not exhibit bias or discrimination toward Andrew.

## E. Attorney Fees

Both parties claim they are entitled to attorney fees on appeal. Andrew also argues that barring the availability of attorney fees for pro se parties violates the Equal Protection Clause of the Fourteenth Amendment. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Here, even if Andrew was eligible for attorney fees, we decline to award them to either party because we conclude neither party has brought or defended the appeal frivolously, unreasonably, or without foundation.[5]

### IV.

### CONCLUSION

The district court correctly granted summary judgment in favor of John on the claim for continuing child support. The district court also correctly determined it lacked jurisdiction to entertain the claim for past-due child support. However, the district court erred in granting summary judgment to John on the breach of contract claim. Accordingly, we affirm the judgment regarding the continuing child support and past-due child support, but vacate the

---

[5] Given this conclusion, we need not address Andrew's argument that not allowing attorney fees for pro se parties violates the Equal Protection Clause.

judgment with regard to the breach of contract and remand for further proceedings.  No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**