HERRING, ADMX., APPELLEE, *v.* HERRING ET AL., APPELLANTS.

(No. 2475—Decided September 19, 1958.)

*Messrs. Dorfmeier & Dorfmeier,* for appellee.
*Mr. James K. Hoefling,* for appellants.

HORNBECK, P. J.  This is an appeal from an order of the Probate Court of Montgomery County directing that from the distributive share of George E. Herring there be deducted the sum of $4,864.77, which the administratrix of the estate of Clarence B. Herring, deceased, had paid to the Columbus State School, Columbus, Ohio, upon a claim of that school for care, board and attention for George E. Herring, an incompetent, for a period set out in the petition.

The petition sought a declaratory judgment defining the rights of the administratrix and her obligation in distributing the net estate of her decedent.

The facts were not disputed, and were set out in the petition

and admitted in the answer. They were to the effect that George E. Herring, at the time of the institution of the action, was an adult about 47 years of age; that he had been committed by the Probate Court of Montgomery County, Ohio, to the Columbus State School, Columbus, Ohio, when he was about 7 years of age and had remained in that institution ever since; that he possessed no property of his own until the death of his father and that no payments had been made for his support in the state institution during the lifetime of his father; that the state filed a claim with the administratrix herein in the amount of $4,864.77 for a period beginning December 31, 1942, and ending with the death of Clarence B. Herring on June 28, 1956; and that the claim was paid by the administratrix.

The court held that as between the state and the parent and child the state may look to either for the support of the child; that as between a parent and a child, the child is primarily liable for its support in a state institution and the parent is secondarily liable for such support; that George E. Herring, the incompetent, is entitled to share equally with his sister, Rosella R. Herring, in the net estate of his father but that she, as administratrix, is entitled to set off against the distributive share of the incompetent son, the amount paid from the estate for his support; so that the distributive share of each shall be equal but that the distributive share of George E. Herring be reduced by the amount paid for his support.

The appellant asserts that the court did not possess the power to render a judgment determining the matter presented and that it erred in requiring the administratrix to set off the amount paid to the Columbus State School against the distributive share of the incompetent, George E. Herring.

Appellant has not by brief or oral presentation urged the assignment that the Probate Court "did not possess the power to render a judgment determining the matter presented." By the statute, Section 2721.02, Revised Code, "Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

The Probate Court is a court of record and had the authority to render the declaratory judgment on the issue presented.

The question presented on the merits has been well briefed.

Counsel are in practical agreement that there is but one case which is strictly in point on the narrow question presented, namely, *Boles's Estate,* 316 Pa., 179, 173 A., 664.

We have been favored with the opinion of Judge Love, who very carefully, and we believe properly, considered all authorities applicable to the questions presented. We are in accord with his conclusions and the reasons stated for reaching them. No good purpose would be served by a further and more prolonged discussion of the issue and the law controlling.

We therefore affirm the judgment upon the opinion of Judge Love.

*Judgment affirmed.*

WISEMAN and CRAWFORD, JJ., concur.