Cheshire County Probate Court
No. 6562

*In re* HOUGHTON ESTATE

January 31, 1974

*Faulkner, Plaut, Hanna & Zimmerman* and *Stillman D. Rogers* (*Mr. Rogers* orally) for Clarence W. Houghton, executor of Dorothy Houghton Estate.

*Warren B. Rudman,* attorney general, and *Irma A. Matthews,* assistant attorney general (*Mrs. Matthews* orally), for the State of New Hampshire.

*Donald E. Reid, Jr.,* guardian ad litem for Robert M. Houghton, filed no brief.

DUNCAN, J. Certification of a question of law by the Cheshire County Probate Court (*Lichman,* J.). RSA 547:30. Dorothy Morgan Houghton died testate November 12, 1971. Her will, admitted to probate on November 19, 1971, left her estate in equal shares to her three adult sons, Clarence, Charles and Robert. Clarence, as executor petitioned the probate court for instructions as to the proper disposition of a claim for $15,817.62 made by the State of New Hampshire under RSA 8:41-a (Supp. 1972)

for expenses incurred in the care and treatment of Robert as a patient at the New Hampshire Hospital during the period August 1953 through November 1971. It appears that Robert's legacy will amount to more than the amount of this claim. The certified question is as follows: "Is the debt incurred by Robert M. Houghton as a patient at the New Hampshire Hospital to be paid from his derivative share of the Dorothy M. Houghton Estate, or is the debt the direct responsibility of the estate of Dorothy M. Houghton?"

The purpose of reimbursement statutes such as RSA 8:41 (Supp. 1972) and 8:41-a (Supp. 1972) "is to relieve the state of some of the financial burden of caring for those mentally ill. This is usually accomplished by imposing on inmates and certain relatives a legal obligation to pay for such support or expenses under certain conditions." *State v. Clinch,* 108 N.H. 302, 304, 234 A.2d 814, 815 (1967) (citations omitted). In *Clinch* it was held that recovery from the estate of a deceased relative legally responsible under RSA 8:41 (Supp. 1972) and 8:43 I (Supp. 1972) could not be had by the State unless under the terms of the statute the deceased relative was liable during his lifetime.

In 1971, the legislature enacted RSA 8:41-a (Supp. 1972), effective August 10, 1971 (Laws 1971, 183:1), providing for recovery under specified conditions from estates of named relatives without reference to the question of whether the relative could have been held responsible under RSA 8:41 (Supp. 1972) during the relative's lifetime.

These sections provide as follows:

"8:41 Persons Chargeable With Support of Inmates of Public Institutions. Expenses incurred in the institutions named in or at the direction of the commissioner of health and welfare in any public or private institution or elsewhere by anyone having a father, mother, son, daughter, husband or wife whose weekly income or other resources are more than sufficient to provide a reasonable subsistence compatible with decency and health,

may be recovered in an action in the name of the state, from either a father, mother, son, daughter, husband or wife, who are declared jointly and severally liable for such expenses, unless otherwise ordered by the court.

"8:41-a Estates Chargeable for Support. Expenses incurred in the institutions named in or at the direction of the commissioner of health and welfare, in any public or private institution, or elsewhere by anyone having a father, mother, son, daughter, husband or wife whose estate is more than sufficient to pay priorities I, II, III, IV and V of RSA 554:19, may be recovered in an action in the name of the state, from said estate of the father, mother, son, daughter, husband or wife which are declared jointly and severally liable for such expenses, unless otherwise ordered by the court.

"8:43 Recovery of Expenses. I. The state is entitled to recover the expense of care, treatment and maintenance of any patient or inmate at such institutions or at a public or private institution or otherwise at the direction of the director of division of public health from the patient or inmate, if of sufficient ability to pay, or his estate, or from those persons legally chargeable with his support as defined in RSA 8:41 or from the estate provided in RSA 8:41-a".

The general rule at common law is that there is no liability on the part of a parent for the support of a mentally incompetent adult child confined to a public institution. When such liability is imposed by statute it will be strictly construed as in derogation of the common law. *In re Estate of Randall,* 166 Colo. 1, 8-9, 441 P.2d 153, 156 (1968); *In re Ochsner,* 166 Neb. 262, 88 N.W.2d 898 (1958); *In re Estate of Hahto,* 236 Wis. 65, 294 N.W. 500 (1940); *State v. Panzeri,* 76 Idaho 211, 280 P.2d 1064 (1955); *In re Boles' Estate,* 316 Pa. 179, 173 A. 664 (1934); 44 C.J.S. *Insane Persons* § 75 b (2) (c), at 183 (1945); *see State v. Clinch,* 108 N.H. 302, 234 A.2d 814 (1967); *Manchester Housing Authority v. Belcourt,* 111 N.H. 367, 370, 285 A.2d 364, 366 (1971). Therefore,

absent a clear indication that the legislature intended to alter the common-law rule that the patient and his own estate are primarily liable for expenses of his care and treatment (*Sceva v. True*, 53 N.H. 627 (1873)) this court will not imply such a change. *State v. Panzeri supra; In re Boles' Estate supra; Herring v. Herring*, 108 Ohio App. 28, 160 N.E.2d 558 (1958).

Sections 8:41 (Supp. 1972) and 8:41-a (Supp. 1972) designate the persons and estates "chargeable" for support of patients in state institutions. Contrary to the argument of the State, these sections do not, however, convey an intent that the statutory liability of named relatives and their estates be placed ahead of the primary common-law liability of the patient and his own estate at the option of an administrative agency. *State v. Panzeri*, 76 Idaho 211, 280 P.2d 1064 (1955); *In re Boles' Estate*, 316 Pa. 179, 173 A. 664 (1934). Section 8:43 I (Supp. 1972) provides the basic authority for recovery of expenses from "chargeable" persons and estates. We read this section, in light of the common-law rule, to mean that although the patient and the estates named are severally liable to the State, the primary responsibility is that of the patient, while the estates named are jointly and severally liable under RSA 8:41 (Supp. 1972) and 8:41-a (Supp. 1972), but only secondarily so.

In this framework we turn to the question before the court: Whether the claim of the State should be paid from the assets of the decedent's estate or from the share of the patient Robert therein, it appearing that Robert has no significant assets other than his interest in the mother's estate.

The principal question was presented in *In re Boles' Estate*, 316 Pa. 179, 173 A. 664 (1934), under facts and statutes similar to those presently before us. There, in considering an attempt to collect from the estate of the deceased father of an incompetent and indigent adult son for care of the son in a state institution, the court said that the statute was intended to provide for liability on the part of named relatives and their estates, "but was not intended to release the lunatic from the primary obliga-

tion always resting on him. Unless the estate is reimbursed out of the lunatic's share, the statute will be given an effect which, we think, was neither declared nor intended .... It is immaterial that the son had no property until the father died, because the son has always been liable." *Id.* at 182, 173 A. at 665. The court then held that the executor should pay the claims for care and that reimbursement of the estate from the son's share of the estate should be ordered. *Accord, Herring v. Herring,* 108 Ohio App. 28, 160 N.E.2d 558 (1958). We do not find that later Pennsylvania decisions have altered or limited the holding of the *Boles* case, as suggested by the State. *See In re Stoner's Estate,* 358 Pa. 252, 56 A.2d 250 (1948); *Commonwealth v. Zommick,* 362 Pa. 299, 66 A.2d 237 (1949).

Our answer to the certified question is that the claim of the State is a direct responsibility of the estate under RSA 8:41-a (Supp. 1972) which in turn is chargeable against the interest of Robert Houghton in the real and personal property of the testatrix, from which the estate is entitled to reimbursement by set off against Robert's share of the residue. *See Herring v. Herring,* 108 Ohio App. 28, 160 N.E.2d 558 (1958).

*Remanded.*

All concurred.