JACOBS ET AL., APPELLEES, *v.* SHELLY & SANDS, INC.,
APPELLANT; THE STATE OF OHIO, APPELLEE.

[Cite as Jacobs v. Shelly & Sands, Inc. (1976),
51 Ohio App. 2d 44.]

(No. 76AP-492—Decided November 16, 1976.)

*Messrs. Fultz & Knight* and *Messrs. Crow, Crow & Porter*, for appellees Pearl Jacobs et al.

*Messrs. Graham & Graham, Mr. Thomas R. Bopeley* and *Mr. A. Alan Mitchell*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. Paul C. Koscik*, for appellee the state of Ohio.

McCORMAC, J. On December 4, 1975, plaintiffs Pearl Jacobs et al. filed a complaint in the Meigs County Court of Common Pleas naming Shelly & Sands, Inc., as defendant. On February 28, 1976, Shelly & Sands, Inc., filed an answer in that court.

On March 13, 1976, Shelly & Sands filed a third-party complaint naming the Department of Transportation of Ohio as third-party defendant. On March 30, 1976, Shelly & Sands, Inc., filed a petition for removal in the Court of Claims. Copies of the petition for removal were served upon the attorney for plaintiffs, the Attorney General of Ohio, the Court of Claims defense section, and the Clerk of the Court of Common Pleas of Meigs County. The Attorney General filed a motion to dismiss the petition for removal, and such was sustained by the Court of Claims.

From the judgment of the trial court, a timely notice of appeal has been filed, setting forth the following assignment of error:

"The Court of Claims erred in dismissing the petition for removal."

R. C. 2743.03(E)(1) provides, in pertinent part, as follows:

"A party who files a counterclaim against the state or makes the state a third-party defendant in an action commenced in any court, other than the court of claims, shall file in the court of claims a petition for removal. * * * A petition for removal based on third-party practice shall be filed within fourteen days after the third-party plaintiff serves his original answer, or within the time for original answer, as extended by the court in which the action was originally brought."

If R. C. 2743.03(E)(1) provides the exclusive and mandatory time period for filing a petition for removal in the Court of Claims, the judgment of the trial court is correct as the petition for removal was not filed until seventeen days after service of the original answer.

However, the Ohio Supreme Court has promulgated rules for the Court of Claims, which became effective July 1, 1975. C.C.R. 4(B) states as follows:

"Time for filing petition. A petition for removal based on a counterclaim shall be filed within twenty-eight days after service of the counterclaim of the petitioner. A petition for removal based on third-party practice shall be filed within twenty-eight days after filing of the third-party complaint of the petitioner."

That appellant's petition for removal was timely if C.C.R. 4(B) is valid.

The Supreme Court promulgated the Court of Claims rules pursuant to the authority of Section 5(B), Article IV, of the Ohio Constitution, which provides as follows:

"The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. Proposed rules shall be filed by the court, not later

than the fifteenth day of January, with the clerk of each house of the general assembly during a regular session thereof, and amendments to any such proposed rules may be so filed not later than the first day of May in that session. Such rules shall take effect on the following first day of July, unless prior to such day the general assembly adopts a concurrent resolution of disapproval. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect. * * *"

Appellant argues that the time specified for filing a petition for removal is procedural rather than substantive and is thus controlled by the Court of Claims rule promulgated pursuant to Section 5(B), Article IV, of the Ohio Constitution. Appellee contends that the time period specified in R. C. 2743.03(E)(1) is substantive and, hence, may not be modified by a Supreme Court rule of practice.

The Ohio Supreme Court defined substantive and procedural, as those words relate to Section 5(B), Article IV, as follows:

"The word 'substantive,' as used in Section 5(B) of Article IV, is in contradistinction to the words 'adjective' or 'procedural' which pertain to the method of enforcing rights or obtaining redress. 'Substantive' means that body of law which creates, defines and regulates the rights of the parties." *Krause, Admr.,* v. *State* (1972), 31 Ohio St. 2d 132, 145.

Clearly, the provision in R. C. 2743.03(E)(1) providing for the time for filing a petition for removal is procedural as it pertains to the method of enforcing rights or obtaining redress rather than creating, defining or regulating the rights of the parties.

R. C. 2743.02 is the basic substantive provision in the Court of Claims Act, since it provides for a waiver of immunity by the state. R. C. 2743.16 provides for the time of accrual of causes of action in the nature of a statute of limitations which is substantive in nature.

Indicative of the fact that the time for filing a petition for removal is not a statute of limitation is the fact that the time may be extended pursuant to the Rules of

Civil Procedure. R. C. 2743.03(D) provides as follows:

"The Rules of Civil Procedures shall govern practice and procedure in all actions in the court except insofar as inconsistent with this chapter. The supreme court may promulgate rules governing practice and procedure in actions in the court as provided in Section 5 of Article IV, Ohio Constitution."

There is no provision for an extension of time for filing a petition for removal set forth in R. C. Chapter 2743. Thus, Civ. R. 6(B) applies and permits an extension of time therefor under circumstances and procedures set forth therein.

A further argument is made that Section 16, Article I, of the Ohio Constitution prohibits the Ohio Supreme Court from providing procedures for suits against the state. Section 16 provides, in part, as follows:

"Suits may be brought against the state, in such courts and in such manner, as may be provided by law."

In *Krause*, the Supreme Court properly held that the rule-making authority of the Supreme Court of Ohio under Section 5(B), Article IV, of the Ohio Constitution is limited to rules governing practice and procedure and may not abridge, enlarge or modify any substantive right. Thus, the specific holding in *Krause* was that only the General Assembly can provide laws waiving the governmental immunity of the state and that governmental immunity was not waived by the adoption of the Rules of Civil Procedure. However, any doubt as to the application of the civil rules as far as practice and procedure in the Court of Claims is concerned is dispelled by the legislative authority granted under R. C. 2743.03(D). The General Assembly has specifically provided that the procedure to be used will be that contained in the Rules of Civil Procedure, except where such is inconsistent with specific procedural provisions in R. C. Chapter 2743. Moreover, the General Assembly has specifically granted the Supreme Court permission to promulgate rules governing practice and procedure in Court of Claims cases without the limitation otherwise applicable to the Rules of Civil Procedure. Hence, C.C.R. 4(B)

takes precedence over the specific provision contained in R. C. 2743.03(E)(1) and appellant's petition for removal was properly filed.

The Supreme Court of Ohio undoubtedly granted a more liberal time period for filing a petition for removal based on third-party practice than is provided for in R. C. 2743.03(E)(1), because the Civil Rules permit the filing of a third-party complaint after what otherwise would be the latest time for the filing of a petition for the removal of a third-party complaint. R. C. 2743.03(E)(1) relates to the answer rather than the time of filing of a third-party complaint in the trial court. If this procedural provision remained in effect, we would have the anomalous situation of permitting a third-party complaint to be timely filed but no right of removal or no jurisdiction in the trial court to hear the matter.

The General Assembly specifically gave the Supreme Court the right to adopt rules governing practice and procedure and actions in the Court of Claims probably for the reason that C.C.R. 4(B) was adopted, which was to remedy any inconsistencies in practice and procedure that would create unfairness to the parties or hardship to the court. The original reason for adopting Section 5(B) of Article IV of the Ohio Constitution was to vest basic responsibility for adopting procedural rules in a body better able to consider all ramifications of any procedural provision, including the interrelationship with other provisions.

A holding that the petition for removal has not been timely filed, when the party filing the petition for removal relied on the very rules promulgated by the Supreme Court of Ohio, would be manifestly unjust.

A final point raised by the Court of Claims and appellee is that the Clerk of the Court of Common Pleas of Meigs County failed to forward all papers in the case in the Court of Claims. R. C. 2743.03(E)(2) and C.C.R. 4(C) both provide that the filing of a petition for removal with the Court of Claims, followed within seven days by the serving of a copy of the petition upon all parties and the filing a copy of the petition with the Clerk of Courts in

which the action was originally brought, effects the removal of the action to the Court of Claims. The statute and rule both place the duty upon the clerk of the court where the action was originally brought to forward all papers in the case to the Court of Claims, rather than upon the party petitioning for removal. The failure of the clerk to properly forward all papers does not defeat the removal, or affect the fact that subject matter jurisdiction for adjudication of the removed claim has been vested in the Court of Claims.

Appellant's assignment of error is sustained. The judgment is reversed and the cause is remanded to the Court of Claims for further procedure consistent with this decision.

*Judgment reversed and cause remanded.*

HOLMES and WHITESIDE, JJ., concur.