THE STATE OF OHIO, DEPT. OF MENTAL HEALTH, APPELLEE, *v.* REYNOLDS, ADMR., APPELLANT.

(No. 81AP-822—Decided March 2, 1982.)

*Mr. William J. Brown,* attorney general, and *Mr. James A. Keating,* for appellee.

*Mr. Thaddeus A. Muething,* for appellant.

NORRIS, J. This is an appeal from an order of the Court of Claims dismissing defendant-appellant's petition for removal, which had sought to remove his counterclaim against the state of Ohio from the Court of Common Pleas of Gallia County, Probate Division, to the Court of Claims. The questions raised by the appeal are whether the statutory time limit for filing a petition for removal is a jurisdictional requirement, and whether defendant's claim against the state is barred by the statute of limitations.

In the course of defendant's administration of the estate of his decedent, the state of Ohio filed, in the probate division, a complaint for distribution, seeking the sum of $3,752.25 from the estate, which the state alleged was due it by decedent as payment for the support of his daughter while she was a patient at the Massillon State Hospital. On April 6, 1981, defendant filed his answer denying liability, together with a counterclaim against the state, the first count of which alleged that his decedent overpaid support for the period from January 1, 1956 through January 1, 1959, by the amount of $396.25. The second count alleged that decedent's daughter was unlawfully committed by the state from January 1, 1944 until her release in 1978, and that during that time decedent had paid the state the sum of $5,366 for her support, which should be refunded to the estate. The state filed its answer to the counterclaim on April 24, 1981. On May 28, 1981, defendant filed a petition for removal with the Court of Claims.

The state filed a motion seeking an order from the Court of Claims dismissing the counterclaim and remanding the case to the probate division. The order of the Court of Claims granting the motion includes this language:

"* * * First, this Court's jurisdiction was never acquired because the defendant's counterclaim against the State was not filed within 28 days of service of the counterclaim. The Court finds this fact to be uncontroverted. The Court concludes the filing requirement to be jurisdictional and claims of excusable neglect or motions for extensions of time are unauthorized. * * *

"Second, a motion to remand the case to the Court of origin for the reason that the defendant's claims accrued more than two years prior to April 1, 1981 [*sic*]. The Court finds this fact to be uncontroverted. On the basis of the time limited this Court concludes the motion to remand the case to the Gallia County Common Pleas Court[,] Probate Division is sustained."

Defendant raises four assignments of error:

"1. The Court of Claims erred in its conclusion that the filing requirement for the petition for removal was jurisdictional, rather than procedural.

"2. The Court of Claims erred in its conclusion that claims of excusable neglect and motions for extension of time are unauthorized.

"3. The Court of Claims abused its discretion in dismissing the petition for

removal on grounds of untimeliness, despite the existence of excusable neglect.

"4. The Court of Claims erred in its conclusion that Appellee's motion to remand must be sustained on grounds of time limitations."

Several provisions of the Revised Code and of the Rules of Civil Procedure are relevant to our consideration of defendant's appeal:

"Civil actions against the state * * * shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties. The period of limitations shall be tolled pursuant to section 2305.16 of the Revised Code * * *." (R.C. 2743.16.)

"Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action * * * is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all." (R.C. 2305.16.)

"A party who files a counterclaim against the state * * * in an action commenced in any court, other than the court of claims, shall file a petition for removal in the court of claims. * * * A petition for removal based on a counterclaim shall be filed within twenty-eight days after service of the counterclaim of the petitioner. * * *" (R.C. 2743.03[E][1].)

"When * * * an act is required * * * to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; * * *." (Civ. R. 6[B].)

In his fourth assignment of error, defendant contends that the two-year limitation of R.C. 2743.16 was tolled by operation of R.C. 2305.16, because the interest of his decedent was joint and inseparable with that of his decedent's daughter who was under the disability of unsound mind. It follows, defendant argues, that the Court of Claims erred in not permitting him to bring his claim against the state.

Defendant's counterclaim is based upon his contention that his decedent is entitled to restitution of monies he paid to the state for the support of his daughter while she was involuntarily and unlawfully committed to the Massillon State Hospital. Because his claim on behalf of his decedent is predicated upon the alleged unlawful confinement of his decedent's daughter, defendant reasons that his claim and any claim the daughter might have for unlawful confinement, are joint and inseparable.

We disagree. Defendant's claim is that his decedent was improperly charged for the support of his daughter while she was confined in a state institution. Because the charge was levied against his decedent (not against his decedent's daughter) pursuant to a statute which renders parents liable for support charges while their children are confined in state institutions, the interest of defendant's decedent was separate and distinct from any interest his daughter might have in a claim arising out of her alleged unlawful commitment. The bar of the statute of limitations as to the claim of defendant's decedent does not have the effect of precluding the daughter's claim. See *Rembold* v. *Christ Hospital* (Hamilton App. 1980), 17 O.O.3d 350. See, also, *Kraut* v. *Cleveland Ry. Co.* (1936), 132 Ohio St. 125 [7 O.O. 226].

The interests not being joint and inseparable, the two-year limitation period for the bringing of the claim of defendant's decedent was not tolled by the operation of R.C. 2305.16, and the Court of Claims properly found defen-

dant's claim against the state was barred. The fourth assignment of error is overruled.

Defendant's first two assignments of error are interrelated, and will be considered. together. Defendant argues that the Court of Claims erred in its conclusion that the requirement that a petition for removal be filed within twenty-eight days of the service of defendant's counterclaim was a jurisdictional requirement and that motions for extension of the time within which to file the petition for removal, based on excusable neglect, are therefore unauthorized.

The trial court based its conclusion on our decision in *State, ex rel. Clem,* v. *Kilbane Plumbing & Heating, Inc.* (April 13, 1978), No. 77AP-718, unreported, where we affirmed the action of the Court of Claims when it dismissed a petition for removal which had not been timely filed.

Defendant, on the other hand, points to our opinion in *Jacobs* v. *Shelly & Sands, Inc.* (1976), 51 Ohio App. 2d 44 [5 O.O.3d 24], in which we held the filing requirement not to be in the nature of a statute of limitations, but, instead, to be a procedural rule, and that the Court of Claims may extend the time within which a petition for removal must be filed, upon satisfaction of the standards of Civ. R. 6(B).

That the Court of Claims was confused by our seemingly contradictory holdings in the two cited decisions is understandable. Undeniably, in *Kilbane,* at page 4 of the opinion, we said that a timely filing was necessary "* * * in order to vest jurisdiction in the Court of Claims." But a close reading of our opinion will reveal that our decision in that case was based upon our belief that the Court of Claims has the authority to dismiss a petition for removal where it is not timely filed, and that the Court of Claims did not abuse its discretion in failing to find the existence of excusable neglect which would have warranted the court in granting an extension of time

within which to file the petition for removal, pursuant to Civ. R. 6(B). Obviously, if timely filing of a petition for removal is a jurisdictional requirement, then the Court of Claims would not have the authority to grant an extension. Accordingly, to the extent that our unfortunate use of the term "jurisdiction" in the *Kilbane* case may have created confusion, we here disavow that language.

While the Court of Claims did err in its conclusion that it had no jurisdiction to entertain a motion to extend the filing requirement, in view of our having overruled the fourth assignment of error, the error was harmless error, and the first two assignments of error are therefore overruled.

Because it believed it was without authority to entertain a request for an extension of time within which defendant would be entitled to file his petition for removal, the Court of Claims did not rule on the question of whether or not defendant's tardiness was the product of excusable neglect. Accordingly, there could be no abuse of discretion since the Court of Claims did not rule on the merits of defendant's contention that the filing date should be extended pursuant to Civ. R. 6(B). The third assignment of error is overruled.

The assignments of error are overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and STRAUSBAUGH, J., concur.

(No. 81AP-822—Decided May 13, 1982.)

ON MOTION TO CERTIFY.

NORRIS, J. Defendant has filed a motion to certify this case to the Supreme Court of Ohio pursuant to Section 3(B)(4), Article IV, Ohio Constitution, and R.C. 2505.072, claiming that the judgment of

this court, dated March 2, 1982, conflicts with a judgment pronounced on the same question by the Court of Appeals for Montgomery County in *Herring* v. *Herring* (1958), 108 Ohio App. 28 [9 O.O.2d 99]. We disagree.

The court in *Herring* held that, as between parent and child, the child is primarily liable for its support in a state mental institution and the parent is secondarily liable. In our decision, we were not called upon to determine the relative obligations of defendant's decedent and his daughter to the state for the cost of her support, since the issue before the Court of Claims, and before this court, did not concern the claim of the state against either defendant's decedent or his daughter, but, instead, the claims of the decedent and his daughter against the state. We were called upon to determine whether or not *their claims* were joint and inseparable, in order to determine whether or not the two-year statute of limitations which applied to defendant's counterclaim was tolled by the operation of R.C. 2305.16, *not* whether the *obligations* of the decedent and his daughter were joint and inseparable.

As there was no allegation in defendant's counterclaim that the daughter had ever paid any support to the state—only that she had been unlawfully deprived of her liberty—the only claim of the daughter alluded to sounds in tort for unlawful restraint. Defendant's counterclaim asserts two claims against the state: first, that his decedent was entitled to a refund for overpayment of support, and, second, that his decedent was entitled to recover any payments he made because they were coerced by threats. As we noted in our decision, the claims of the decedent and of his daughter were distinct—they were not joint and inseparable.

Defendant for the first time raises the argument that the statute of limitations did not begin to run on the date assumed by the Court of Claims, but that, instead, the cause of action embodied in his counterclaim accrued at a later date, so that the counterclaim was filed within the limitation period. Because that issue was not raised before the trial court (and indeed was not argued on appeal), it may not now be raised for the first time. *State* v. *Nelms* (Oct. 6, 1981), No. 81AP-339, unreported.

There being no conflict between our decision and that of the Court of Appeals for Montgomery County in *Herring* v. *Herring, supra,* the motion is overruled.

*Motion to certify overruled.*

WHITESIDE, P.J., and STRAUSBAUGH, J., concur.