Merrimack
No. 82-464

THE STATE OF NEW HAMPSHIRE

v.

CARROLL G. MATTHEWS, JR.,
ADMINISTRATOR OF THE ESTATE OF MABEL L. MATTHEWS

July 13, 1983

*Gregory H. Smith*, attorney general (*Peter T. Foley*, attorney, on the brief), by brief for the State.

*Raymond K. Clement*, of Groveton, by brief for the defendant.

KING, C.J.  At issue in this appeal is the extent of liability of the estate of Mabel L. Matthews for the care and treatment furnished to the decedent's daughter at the New Hampshire Hospital.

Mabel Matthews died intestate on March 9, 1981, leaving two heirs, the defendant, Carroll G. Matthews, Jr., and Marilyn Matthews. At various times from November 1965 through January 1981, Marilyn Matthews had been a resident at the New Hampshire Hospital.

The State of New Hampshire filed a claim against the estate of Mabel Matthews, pursuant to RSA 126-A:47 (Supp. 1981) and RSA 126-A:51 (Supp. 1981), for $21,261.24, the unreimbursed cost of care and treatment provided to Marilyn Matthews for the five years preceding Mabel Matthews' death. The assets of the decedent's estate after certain priorities are paid are estimated to be less than the amount of the State's claim.

The State then instituted a claim against the defendant, Carroll G. Matthews, the administrator of Mabel Matthews' estate, demanding payment of its claim. Each party filed a motion for summary judgment, with the State contending that the entire estate was subject to its claim, and the administrator arguing that only Marilyn Matthews' distributive share of the estate was subject to the claim. A Master (*Frank B. Clancy, Jr.*, Esq.) recommended that the State's motion be granted, and this recommendation was approved by the Superior Court (*Nadeau*, J.). The defendant appealed. We affirm.

RSA 126-A:47 (Supp. 1981) and RSA 126-A:51, I (Supp. 1981) impose liability on the estate of a decedent whose child incurred expenses as a patient at a designated institution. RSA 126-A:47 (Supp. 1981) describes the liability of estates, and provides:

> "Estates Chargeable for Support. Except as limited in RSA 126-A:49, expenses incurred in the institutions named in or at the direction of the commissioner of health and welfare, in any public or private institution, or elsewhere by anyone having a father, mother, son, daughter, husband or wife whose estate is more than sufficient to pay priorities I, II, III, IV, and V of RSA 554:19, may be recovered in any action in the name of the state, from said estate, father, mother, son, daughter, husband or wife which are declared jointly and severally liable for such expenses, unless otherwise ordered by the court."

We had the occasion to interpret a similar statutory provision in *In re Houghton Estate*, 114 N.H. 33, 314 A.2d 674 (1974). In that case, we analyzed the effect of former RSA 8:41-a, a statute virtually identical to the present RSA 126-A:47 (Supp. 1981). *See* Laws 1971, 183:1. That statute was repealed in 1977 when the present statute was adopted. *See* Laws 1977, 600:27. In *Houghton*, the decedent died testate leaving her estate in equal shares to her three sons. One of the sons had been a patient at the New Hampshire Hospital prior to the decedent's death, and the State filed a claim with the estate to collect the expense incurred in his care and treatment. That son's share of the estate was sufficient to satisfy the State's claim for his care and treatment. The probate court transferred to

this court the question whether the State's claim should be paid from the son's derivative share of the estate, or whether the claim was the direct responsibility of the estate. We held that the State's claim was the direct responsibility of the estate, but that the estate could charge the payment of the claim against the son's interest. In reaching this conclusion, we stated that although the patient and the estate were severally liable to the State, the patient was primarily liable, and the estate only secondarily so. *In re Houghton Estate*, 114 N.H. at 37, 314 A.2d at 676.

The defendant contends that *Houghton* limits the liability of an estate to that portion of the estate which represents the patient's share. We disagree. As discussed above, we stated in *Houghton* that the estate was directly, albeit secondarily, liable for the State's claim. Although it has a right to set off the payment of the claim against the patient's share of the estate, this may not be possible if the patient's share is insufficient to satisfy the claim. While we indicated in *Houghton* that statutes such as RSA 126-A:47 (Supp. 1981) must be strictly construed, the statute clearly imposes liability on the estate and does not limit it to the patient's share of the estate. *Id.* at 36, 314 A.2d at 676.

Moreover, if the defendant's argument were accepted, a person could avoid liability on the part of his estate by eliminating any bequest to the relative/patient primarily liable for the State's claim. This would be contrary to the purpose of the statute, which is to relieve the State of part of the financial burden of caring for the mentally ill. *Id.* at 34, 314 A.2d at 675.

The defendant urges us to apply principles of equity in construing RSA 126-A:47 (Supp. 1981) so as to avoid an unjust and unfair result. The legislature has determined that the estates of parents should be jointly and severally liable for the expenses incurred by the State in the care and treatment of a child in the New Hampshire Hospital. We do not believe that it is unjust or unfair to hold the estate liable even if the claim exceeds the child's share of the estate.

*Affirmed.*

All concurred.