## In re Doe, a.k.a. S.H.

---

(No. 0900004—Decided
October 26, 1990.)

Court of Common Pleas of
Cuyahoga County,
Juvenile Division.

*Nancy Lamson,* guardian ad litem,
for complainant.

PETER M. SIKORA, J. This matter
came on for hearing on October 23,
1990, upon the complaint of Jane Doe,
a.k.a. S. H., filed on October 22, 1990
pursuant to R.C. 2151.85(A)(4)(a), re-
questing the issuance of an order
authorizing her to consent to the per-
formance or inducement of an abortion
without the notification of her parents,
based on the allegation that she is suf-
ficiently mature and well enough in-
formed to intelligently decide whether
to have an abortion without the notifi-
cation of her parents. Present for said
hearing were Jane Doe, a.k.a. S. H.,
and Nancy Lamson, her duly ap-
pointed guardian ad litem and at-
torney. The court found that the com-
plainant was pregnant, unmarried,
under eighteen years of age, and
unemancipated, and that venue prop-
erly rests in this county. After hearing
the case in part, the court continued
the matter for further consideration.

R.C. 2151.85(D), governing a
minor female's complaint for abortion,
provides: "The court shall not notify
the parents, guardian, or custodian of
the complainant that she is pregnant
or that she wants to have an abortion."
In furtherance of this statute, C.P.
Sup. R. 76(H) provides, in part: "The
court shall not notify the parents,
guardian, or custodian of the complain-
ant that she is pregnant, that she
wants to have an abortion, or that the
complaint was filed. * * *" For the
following reasons, it is the opinion of
this court that R.C. 2151.85(D) and
C.P. Sup. R. 76(H) are of no force or
effect.

R.C. 2151.35(C), which governs
the general hearing procedures in
juvenile courts, provides: "The court
shall give all parties to the action and
the child's guardian ad litem notice of
the adjudicatory and dispositional
hearings in accordance with the
Juvenile Rules." Although there may
be some argument as to whether hear-
ings conducted under R.C. 2151.85 are
truly adjudicatory or dispositional in
nature, R.C. 2151.35(C) certainly
evidences a legislative intent that the
issuance of summons or notice is a pro-
cedural law matter governed by the
Juvenile Rules rather than a substan-
tive law matter governed by the Re-
vised Code.

Even without the mandate of R.C.
2151.35(C), it is clear that notice is a
procedural issue. Section 5(B), Article
IV of the Ohio Constitution provides,
in part: "The supreme court shall pre-
scribe rules governing practice and
procedure in all courts of the state,
which rules shall not abridge, enlarge,
or modify any substantive right. * * *"
In considering the meaning of the
word "substantive" as used in the Ohio
Constitution, the Ohio Supreme Court
has ruled that "substantive" is in con-
tradistinction to the word "proced-
ural": "substantive" means that body
of constitutional, statutory, and com-
mon law which creates, defines and
regulates the rights of the parties,
whereas "procedural" pertains to the
method of enforcing rights or obtain-
ing redress. *Krause* v. *State* (1972), 31
Ohio St. 2d 132, 145, 60 O.O. 2d 100,
107, 285 N.E. 2d 736, 744. See, also,
*Jacobs* v. *Shelly & Sands, Inc.* (1976),
51 Ohio App. 2d 44, 5 O.O. 3d 165, 365
N.E. 2d 1259. The issuance of notice
for court proceedings is procedural as
it pertains to the method of enforcing

rights or obtaining redress rather than creating, defining, or regulating the rights of the parties.

Having concluded that notice is a procedural issue, reference must be made to the Juvenile Rules. Juv. R. 15(A), governing notice in juvenile court proceedings, requires that after a complaint is filed, the clerk shall promptly issue summons to the parties requiring them to appear before the court at the time fixed for hearing.[1] A child's parent is included under the definition of "party" contained in Juv. R. 2(16). In resolving the discrepancy between the rule (Juv. R. 15[A]) and the statute (R.C. 2151.85[D]), Section 5(B), Article IV, Constitution further provides: "* * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Even though the statute was enacted subsequent to the rule, the rule controls because the statute purports to govern procedural matters. See *In re Vickers Children* (1983), 14 Ohio App. 3d 201, 14 OBR 228, 470 N.E. 2d 438.[2]

From the foregoing, it is clear that when a conflict arises between a statute and a rule with respect to a procedural issue, the rule controls. A further issue that must be resolved is how to reconcile conflicts between two sets of rules adopted by the Supreme Court pursuant to its rulemaking authority. As noted above, C.P. Sup. R. 76(H) contains language similar to that in R.C. 2151.85(D), and, as such, is in conflict with Juv. R. 15(A). It is clear, however, that any conflict between the Juvenile Rules and Superintendence Rules must be resolved in favor of the Juvenile Rules. The Third District Court of Appeals distinguished the authority of Superintendence Rules from procedural rules adopted by the Supreme Court as follows:

"It will be noted that whereas rules of procedure adopted by the Supreme Court require submission to the legislature, rules of superintendence are not so submitted and, hence, are of a different category. They are not the equivalent of rules of procedure and have no force equivalent to a statute. They are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants. * * *" *State* v. *Gettys* (1976), 49 Ohio App. 2d 241, 243, 3 O.O. 3d 286, 287, 360 N.E. 2d 735, 737. See, also, *State* v. *Doane* (1987), 41 Ohio Misc. 2d 9, 535 N.E. 2d 762.

Having determined that the notice provisions of R.C. 2151.85(D) violate the rulemaking authority of the Ohio Supreme Court as contained in Section 5(B), Article IV, Constitution, the court finds and so orders that R.C. 2151.85(D) is of no further force or effect. The court further finds that the underlying purpose of R.C. 2151.85 is to authorize juvenile courts to permit a minor female to consent to an abortion without parental notification, and that to provide notice to the child's parents in conformity with Juv. R. 15(A) would undermine the very purpose of the statute. Therefore, because the defective notice provisions of R.C. 2151.85(D) cannot be reconciled with

---

[1] See, also, R.C. 2151.28(C) for similar language.

[2] A further indication that the issue of notice is governed by the Juvenile Rules, even in cases filed under R.C. 2151.85, is found in Juv. R. 1. Subdivision (A) of the rule provides: "These rules prescribe the procedure to be followed in all juvenile courts of this state in all proceedings coming within the jurisdiction of such courts, with the exceptions stated in subdivision (C)." Even though R.C. 2151.85 was enacted more than four years ago, the Ohio Supreme Court has not chosen to add proceedings held pursuant to it to the list of exceptions contained in Juv. R. 1(C).

the remaining sections of the statute, the court finds and so orders that R.C. 2151.85 is, in its entirety, of no further force or effect. Because the statute does not provide a valid judicial bypass procedure, the court further finds that R.C. 2919.12(B)(1), which prohibits any person from knowingly performing or inducing an abortion upon an unemancipated minor unless one of four circumstances is present, is unconstitutional under the authority of *Akron Center for Reproductive Health* v. *Slaby* (C.A. 6, 1988), 854 F. 2d 852, reversed on other grounds in *Ohio* v. *Akron Center for Reproductive Health* (1990), 497 U.S. ___, 111 L. Ed. 2d 405, 110 S. Ct. 2972. See, also, *Bellotti* v. *Baird* (1979), 443 U.S. 622.

The court, therefore, orders that the complaint filed herein is dismissed.

*Complaint dismissed.*■