**In re BABY BOY DOE.**

2007-Ohio-7244.]

Court of Common Pleas of Ohio,
Cuyahoga County, Juvenile Division.

No. AD06901339.

Decided Nov. 8, 2007.

**2**

---

William Mason, Cuyahoga County Prosecuting Attorney, and Gregory Millas, Assistant Prosecuting Attorney, for Cuyahoga County Department of Children and Family Services.

Steven Wolkin, for Baby Boy Doe.

---

PETER M. SIKORA, Judge.

{¶ 1} This matter came on for hearing on October 18, 2007, before the Honorable Peter M. Sikora, upon a motion to dismiss or for remedial order filed on July 10, 2007, by counsel and the guardian ad litem for the child. Also pending before the court is a motion to modify temporary custody to permanent custody filed on May 8, 2007, by the Cuyahoga County Department of Children and Family Services. The court, having received briefs and hearing oral arguments with respect to the motion to dismiss or for remedial order, finds the following:

## I. FACTS

{¶ 2} On August 30, 2006, the Cuyahoga County Department of Children and Family Services ("CCDCFS") filed a complaint alleging that Baby Boy Doe, born on August 28, 2006, is a deserted child pursuant to R.C. 2151.3515. The allegations in the complaint stated that at the time of the child's birth, the mother expressed her intention to leave the child in the hospital and to have the child placed for adoption. The mother has not contacted CCDCFS or the hospital to express a desire to care for the child, and the alleged father's full identity and location are unknown. The child was placed in the pre-adjudicatory temporary custody of CCDCFS. On October 10, 2006, the child was adjudicated "deserted" and committed to the temporary custody of CCDCFS.[1]

---

1. The record reflects that the allegations were found to be true by clear and convincing evidence. Because the case was filed under the deserted-child law, it is presumed, pursuant to R.C. 2151.3519, 2151.3524, and 2151.3527, that no efforts were made by CCDCFS to locate and identify the father or have contact with the mother.

## II. LAW AND DISCUSSION

{¶ 3} R.C. 2151.3515 through 2151.3530 (Ohio's deserted-child law) govern the manner in which a child can be deserted. R.C. 2151.3519 provides that a court is required to give notice to the parents of a child "only if the court has the knowledge of the names of the parents." Additionally, R.C. 2151.3524 provides that a person who delivers a child under R.C. 2151.3516 "has the absolute right to remain anonymous." For the following reason, it is the opinion of the court that R.C. 2151.3515 through 2151.3530 have no force or effect.

{¶ 4} R.C. 2151.35(C), which governs general hearing procedures in juvenile courts, provides: "The court shall give all parties to the action and the child's guardian ad litem notice of the adjudicatory and dispositional hearings in accordance with the Juvenile Rules." It is clear that R.C. 2151.35(C) evidences a legislative intent that the issuance of summons or notice is a procedural act governed by the Juvenile Rules rather than a substantive act, governed by the Ohio Revised Code. This court held in *In re Doe,* (1990) 57 Ohio Misc.2d 20, 565 N.E.2d 891:

Even without the mandate of R.C. 2151.35(C), it is clear that notice is a procedural issue. Section 5(B), Article IV of the Ohio Constitution provides, in part: "The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right." * * * In considering the meaning of the word "substantive" as used in the Ohio Constitution, the Ohio Supreme Court has ruled that "substantive" is in contradistinction to the word "procedural": "substantive" means that body of constitutional, statutory, and common law which creates, defines and regulates the rights of the parties, whereas "procedural" pertains to the method of enforcing rights or obtaining redress. *Krause v. State* (1972), 31 Ohio St.2d 132, 145, 60 O.O.2d 100, 107, 285 N.E.2d 736, 744. See, also, *Jacobs v. Shelly Sands, Inc.* (1976), 51 Ohio App.2d 44, 5 O.O.3d 165, 365 N.E.2d 1259. The issuance of notice for court proceedings is procedural as it pertains to the method of enforcing rights or obtaining redress rather than creating, defining, or regulating the rights of the parties.

{¶ 5} Juv.R. 15(A), which governs notice in juvenile court proceedings, requires that after a complaint is filed, the clerk shall promptly issue summonses to the parties requiring them to appear before the court at a fixed time for the hearing. Parents are mandated parties pursuant to Juv.R. 2(Y). In resolving the discrepancy between the rule (Juv.R.15(A)) and the statutes (R.C. 2151.3519 and 2151.3524), Section 5(B), Article IV, of the Ohio Constitution further provides: "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Although the statute at issue was enacted subsequent to the Juvenile Rule, the Juvenile Rule controls because the statute

purports to govern procedural matters. *In re Vickers Children* (1983), 14 Ohio App.3d 201, 14 OBR 228, 470 N.E.2d 438.[2]

{¶ 6} Therefore, it is clear that when a conflict arises between a statute and a rule with respect to procedural issues, the rule controls. Because it is clear that the notice provisions found in R.C. 2151.3519 and 2151.3524 violate the rule-making authority of the Ohio Supreme Court as contained in Section 5(B), Article IV of the Ohio Constitution, the court holds that R.C. 2151.3519 and 2151.3524 are of no force and effect. The court further finds that the underlying purpose of the deserted-child statute (R.C. 2151.3515 through 2151.3530) is to protect the anonymity of the parents who desert a child and to give them immunity from criminal prosecution. The court further finds that to require the parent or parents to be identified and to provide the notice to the child's parents in conformity with Juv.R. 15(A) would undermine the very purpose of the statute.[3] Therefore, the defective provisions of R.C. 2151.3519 and 2151.3524 cannot be reconciled with the remaining provisions of the deserted-child law. The court holds that the deserted-child law (R.C. 2151.3515 through 2151.3530) is of no further force and effect.

{¶ 7} The attorney and the guardian ad litem for the child raise a number of other issues and arguments relative to the constitutionality of the deserted-child law. Though these arguments may be meritorious, the court, having determined the notice provisions of the deserted-child law violate the rule-making authority of the Ohio Supreme Court, declines to rule on these issues.

## III. THE ORDER

{¶ 8} It is therefore ordered that the original adjudication of deserted child and the commitment of the child to temporary custody of CCDCFS are vacated. The

---

**2.** A further indication that the issue of notice is governed by the Juvenile Rules, even in cases filed under R.C. 2151.3515 through 2151.3530, is found in Juv.R. 1. Subdivision (A) of the rule provides: "These rules prescribe the procedure to be followed in all juvenile courts of this state in all proceedings coming within the jurisdiction of such courts, with the exceptions stated in subdivision (C)." The Ohio Supreme Court has not chosen to add the deserted-child proceedings to the list of exceptions contained in Juv.R. 1(C).

**3.** Not only is the CCDCFS required to request service on the parents of the child to comply with Juv.R. 15(A), it is required to undergo due diligence to locate the missing parent. This requirement includes asking the other parent and family members the identity and residence of the missing parent. *In re Sitgraves* (Nov. 26, 1997), 8th Dist. No. 71862. This rule also is in conflict with the requirements of R.C. 2151.3524, the parents' right to remain anonymous and R.C. 2151.3527(1), which prohibits the coercion of any party into revealing the identity of the child's parents.

court further orders that the original complaint and motion to modify temporary custody to permanent custody are dismissed.

So ordered.